IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JASON CHRISTOPHER MARTINEZ,

    Plaintiff,

  v.                                                    No. 16-CV-00612-KG-LF

SHAWN FUNK, FELISHA VOLDOLPH,
KAY YOUNGMAN, LEZLIE DUCKETT,

    Defendants.

ORDER

This matter is before the Court on the parties' Joint Motion To Dismiss All Claims Against County Defendants [Doc. 22], filed on February 23, 2017, and duplicative Joint Motion To Dismiss All Claims Against County Defendants [Doc. 24], filed on March 10, 2017.  The parties move this Court "to enter an Order dismissing all of the claims that were brought, or could have brought, against Defendants in the above-entitled and numbered cause of action with prejudice."  [Doc. 24]   For the following reasons, the parties' Joint Motion will be dismissed for lack of jurisdiction.

On June 20, 2016, Plaintiff Jason Christopher Martinez, proceeding pro se, filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 against Defendants Shawn Funk, Felisha Voldoph, Kay Youngman, and Lezlie Duckett.  [Doc. 1]  Plaintiff failed to pay the filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs pursuant to 28 U.S.C. § 1915 and, therefore, the Court ordered Plaintiff to cure these deficiencies.  [Doc. 3] Plaintiff responded by filing an Application To Proceed In District Court Without Prepaying Fees or Costs pursuant to 28 U.S.C. § 1915 [Doc. 4].  The Court granted the motion, informed

Plaintiff that he must pay the full amount of the filing fee, and ordered Plaintiff to submit an initial partial payment in the amount of $6.37 pursuant to § 1915(b)(1).  [Doc. 7]

On August 25, 2016, Plaintiff submitted a letter to the Court asking the Court to excuse full payment of the filing fee and a ninety-day extension of time in which submit the initial partial payment of $6.37.  [Doc. 8]  The Court denied Plaintiff's request to excuse full payment of the filing fee pursuant to § 1915(b)(1), which provides, in relevant part, that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner *shall be required to pay the full amount of the filing fee*."  [Doc. 8 (quoting § 1915(b)(1) (emphasis added)]    The Court denied Plaintiff's request for a ninety-day extension of time as excessive, since Plaintiff had the means to pay the initial partial payment.  The Court did, however, grant Plaintiff an additional thirty days, until October 17, 2016, in which to submit the initial partial payment ordered by the Court.  [Doc. 8]

Plaintiff failed to submit the initial partial payment by the October 17, 2016 deadline.  On October 24, 2016, the Court ordered Plaintiff to submit, no later than November 28, 2016, the previously ordered initial partial payment of $6.37 or show cause why this civil rights action should not be dismissed.  [Doc. 11]  In response, Plaintiff requested an extension of time, which the Court denied on December 6, 2016.  [Doc. 13]  The Court ordered Plaintiff to submit the previously ordered initial partial payment within fourteen days and informed Plaintiff that "[f]ailure to pay the initial partial payment within fourteen (14) days of the date of this Order will result in the dismissal of this civil rights action without further notice."  [Doc. 13]  Plaintiff failed timely to submit the initial partial payment and, therefore, on January 3, 2017, the Court dismissed this civil rights action without prejudice and entered final judgment pursuant to Fed. R. Civ. P. 58.  [Docs. 15, 16]

On January 11, 2017, Plaintiff filed a notice of appeal. [Doc. 18] On January 31, 2017, the United States Court of Appeals for the Tenth Circuit issued its mandate dismissing Plaintiff's appeal on Plaintiff's motion to dismiss, pursuant to 10th Cir. R. 46.3(C). [Doc. 21]

Thereafter, the parties filed their Joint Motions To Dismiss All Claims Against County Defendants. [Docs. 22, 24] Additionally, Plaintiff filed a stipulation of dismissal "with prejudice of any and all claims which Plaintiff brought or could have brought in the above-entitled action against Defendants," pursuant to Fed. R. Civ. P. 41(a)(1)(ii). [Docs. 23, 25]

Final judgment was entered in this case on January 3, 2017 and the case was closed. The entry of final judgment terminated this Court's jurisdiction, except for the limited purpose of altering or amending the judgment pursuant to Fed. R. Civ. P. 59 or relieving the parties from the judgment pursuant to Fed. R. Civ. P. 60(b). The parties have not moved to alter or amend the judgment or for relief from the judgment. Therefore, the parties' Joint Motion To Dismiss All Claims Against County Defendants will be dismissed for lack of jurisdiction.

IT IS THEREFORE ORDERED that the parties' Joint Motions To Dismiss All Claims Against County Defendants [Docs. 22, 24] are DISMISSED for lack of jurisdiction.

_____
UNITED STATES DISTRICT JUDGE